UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

               v.

ALBERTO ALFARO,

               Defendant.

**DECISION AND ORDER**

6:21-CR-06118 EAW

_____

      Defendant Alberto Alfaro ("Defendant") is charged by way of a single-count indictment returned on July 13, 2021, with violating 18 U.S.C. §§ 922(g)(1) and 924(a)(2) by being a felon in possession of a firearm and ammunition on or about November 13, 2020, when a search was conducted of his residence at 852 North Street in Rochester, New York, by United States Probation Officers. (Dkt. 1). At the time, Defendant was serving a five-year term of supervised release based on a prior drug conviction in this Court on or about October 15, 2015. *See United States v. Alfaro*, Case No. 6:13-CR-6012, Dkt. 215 (W.D.N.Y. Oct. 20, 2015). The search was conducted without a warrant, and Defendant moved to suppress any evidence seized pursuant to the search. (Dkt. 17).

      Pursuant to the undersigned's referral order (Dkt. 3), Defendant's motion to suppress was litigated before United States Magistrate Judge Marian W. Payson, who held an evidentiary hearing on January 27, 2022, that was continued on February 8 and 23, 2022 (Dkt. 25; Dkt. 26; Dkt. 27; Dkt. 28; Dkt. 29). On June 21, 2022, Judge Payson issued a thorough and comprehensive Report and Recommendation, recommending that the

- 1 -

undersigned deny Defendant's motion to suppress. (Dkt. 36). Acknowledging that the parties agreed that the probable cause standard did not apply to the search of Defendant's residence, Judge Payson noted that they nonetheless disagreed as to the applicable standard—with Defendant advocating for reasonable suspicion while the government contended that the special needs standard applied, whereby the search would pass constitutional muster so long as it was reasonably related to the performance of the probation officer's duties. (Dkt. 36 at 12). Relying on *United States v. Braggs*, 5 F.4th 183 (2d Cir. 2021), Judge Payson concluded that "the search of [Defendant's] residence was reasonably related to [the Probation Officer's] duties, was permissible under the Special Needs framework[,] and accordingly comports with the Fourth Amendment." (Dkt. 36 at 17 (internal quotations and citations omitted)). Judge Payson also concluded that even if reasonable suspicion was the appropriate standard, exclusion would not be justified. (*Id*. at 18).

Defendant challenges the findings in the Report and Recommendation, arguing that because the terms of his supervision conditioned any search on a finding of reasonable suspicion, then that is necessarily the applicable standard. (Dkt. 40 at 5-7, 10). Relying on the Supreme Court's decisions in *Samson v. California*, 547 U.S. 843 (2006) and *United States v. Knights*, 534 U.S. 112 (2001), Defendant argues that "the supervision agreements, and the notice that each supervisee receives when signing the agreement, defines the scope of the state's power over that supervisee." (Dkt. 40 at 5). But Defendant's argument

ignores the express teachings of *Braggs* that "Knights and Samson were searched by municipal police officers charged with vindicating the State's general interest in law enforcement, rather than by parole officers responsible for furthering the special needs of the parole system." 5 F.4th at 187-88 (citation, quotations, and alterations omitted). In other words, *Braggs* acknowledged a distinction between searches by probation officers as opposed to law enforcement officers—namely, that searches by probation officers are assessed based on the special needs doctrine that rests "on the rehabilitative relationship between the parolee and the parole officer," whereas "the *Knights-Samson* line of cases [rests] . . . on the parolee's diminished expectation of privacy stemming from his own parole agreement and the state regulations applicable to his case." *Id*. at 188 (quoting *United States v. Freeman*, 479 F.3d 743, 748 (10th Cir. 2007)); *see also United States v. Newton*, 369 F.3d 659, 666 (2d Cir. 2004) ("neither *Huntley* nor *Grimes* holds that consent, whether obtained pursuant to parole regulation . . . or otherwise, is required in addition to a reasonable relationship to the parole officer's duty to justify a warrantless parole search"). Thus, Judge Payson appropriately rejected Defendant's argument reasoning that the reasonable suspicion language "may be relevant to evaluate the reasonableness of an investigative search directed by law enforcement," but it did not define the scope of a permissible search under the special needs doctrine. (Dkt. 36 at 13 n.3). *See United States v. Watkins*, 21-CR-50, 2022 WL 2187262, at *2 (W.D.N.Y. June 17, 2022) (finding that the special needs doctrine did not effectively obviate the condition that searches be

conducted based on reasonable suspicion because "*law enforcement* could search based on reasonable suspicion rather than the general requirement of probable cause" but the condition did "not limit the ability of probation officers to do their job" (emphasis in original)).

Cognizant of this Court's duty to review specific objections to Judge Payson's Report and Recommendation with respect to Defendant's motion to suppress under a *de novo* standard, Fed. R. Crim. P. 59(b)(3); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."), the undersigned has done just that, and concludes that for the reasons set forth in the Report and Recommendation, the special needs doctrine applies and governs the assessment of the appropriateness of the search in this case. Based on the record before the Court, it is apparent that the search of Defendant's residence was reasonably related to the Probation Officer's duties, was permissible under the special needs doctrine, and accordingly suppression is not warranted. In addition, the Court agrees with Judge Payson's alternative conclusion that even if reasonable suspicion was the appropriate standard, suppression through application of the exclusionary rule would not be appropriate as the record plainly demonstrates the Probation Officer's good faith.

Accordingly, the Court adopts the Report and Recommendation (Dkt. 36) in its entirety and Defendant's motion to suppress (Dkt. 17) is denied.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:	August 18, 2022
	Rochester, New York